IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL R. ROCHE,

        Plaintiff,

v.

MICHAEL ASTRUE,

        Defendant.

CIVIL ACTION
NO. 11-3845

**OPINION**

**Slomsky, J.**                                                                                                           **April 12, 2013**

## I.  INTRODUCTION

Plaintiff Russell R. Roche filed a Complaint against Defendant Michael Astrue, Commissioner of Social Security ("the Commissioner"),[1] seeking review of the Commissioner's adverse decision on his claim for Disability Insurance Benefits ("DIB") under 42 U.S.C. § 405(g).  The Court referred this matter to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation.  (Doc. No. 9.)  On October 19, 2012, Judge Sitarski filed a Report and Recommendation that Plaintiff's request for review be denied and judgment be entered in favor of the Commissioner.  (Doc. No. 11.)  On October 30, 2012, Plaintiff filed timely Objections to the Report and Recommendation.  (Doc. No. 12.)  On November 8, 2012, the Commissioner filed a Response to Plaintiff's Objections.  (Doc. No. 13.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the Report and Recommendation to which objection has been made.  After independently reviewing the Administrative Record and for reasons that follow, the Court finds

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

1

that Plaintiff's Objections lack merit and adopts and approves in its entirety the Report and Recommendation.

## II.     BACKGROUND

### A.     Factual and Procedural History

Plaintiff was born on October 11, 1962 and was forty-six years old on the date his alleged disability began. (Administrative Record ("R.") at 64, 103.) Plaintiff is a high school graduate. (R. at 60.) In the past, he has worked as a cable installer, truck driver, and office worker. (R. at 130.)

On January 14, 2009, Plaintiff filed a Title II application for a period of disability and DIB. (R. at 22.) In the application, Plaintiff claimed he had been disabled since December 18, 2008 due to illnesses, injuries, or conditions affecting his knee, hip, and back, arthritis, cirrhosis, hepatitis C, and anxiety. (R. at 129.) On June 3, 2009, the Commissioner denied Plaintiff's application. (R. at 66–69.) On June 17, 2009, Plaintiff filed a written request for a hearing. (R. at 78–79.)

On February 22, 2010, William J. Reddy, Administrative Law Judge ("ALJ"), held a hearing. (R. at 32–63.) Plaintiff, who was represented by counsel, appeared at the hearing and testified. (Id.) Plaintiff testified about his current routine, pain management, medical treatment, and previous employment. (Id.) Despite Plaintiff's testimony that he experienced intense pain and was unable to sit for more than 30–45 minutes at a time, the ALJ determined that Plaintiff retained the residual functional capacity[2] ("RFC") to perform "light work."[3] (R. at 28–30.)

---

[2] Residual Functional Capacity is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (citing 20 C.F.R. § 404.1545(a)).

[3] "Light work," along with "sedentary work," are terms defined by the Social Security Administration. See infra.

Margaret Preno, a vocational expert ("VE"), also testified. (R. at 32–63.) The VE testified that a hypothetical individual with the same characteristics and limitations as Plaintiff could perform the job of appointment clerk. (R. at 60.) Even if the hypothetical individual could only perform "sedentary exertional level work," he could still perform the work of an appointment clerk. (Id.) According to the VE, working as an appointment clerk would not require Plaintiff to perform activities precluded by his medical problems. (Id.) The ALJ did not question the VE about Plaintiff's anxiety.

On April 14, 2010, based on the VE's testimony, Plaintiff's medical records, and Plaintiff's prior experience as an office worker, the ALJ concluded that Plaintiff was not entitled to DIB because Plaintiff retained the RFC to perform the work of an appointment clerk. (R. at 30–31.) On April 7, 2011, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision was adopted as the final decision of the Commissioner. (R. at 1–3.)

On June 13, 2011, Plaintiff brought this timely civil action against the Commissioner to seek review of the ALJ's decision. (Doc. No. 1.) The Court referred the matter to Magistrate Judge Sitarski for a Report and Recommendation. (Doc. No. 9.) On October 19, 2012, Judge Sitarski concluded that, as a matter of law, the ALJ did not err when analyzing Plaintiff's impairments. (Doc. No. 11.)

On October 30, 2012, Plaintiff filed timely Objections to Judge Sitarski's Report and Recommendation. (Doc. No. 12.) The two objections are as follows: (1) Judge Sitarski erred by finding that the ALJ properly rejected the "sit-stand option" as part of his RFC; and (2) Judge

Sitarski erred by finding that the ALJ's failure to include anxiety in his questioning of the VE was appropriate.[4]

### B.     Relevant Social Security Administration Regulations

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). When evaluating a disability, the Social Security Administration uses a five-step process, which are followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

Id. § 404.1520(a)(4)(i)–(v).

---

[4] Plaintiff also listed a third "objection," which is really a request that the Court grant Plaintiff's Motion for Summary Judgment and deny the Commissioner's Motion for Summary Judgment. (Doc. No. 12 at 11.) This objection does not substantively address a finding in the Report and Recommendation, and will not be considered in this Opinion.

Between the third and fourth step, the Social Security Administration assesses a claimant's RFC, which is "the most [a claimant] can do despite [their] limitations." Id. § 404.1545(a)(1). The Social Security Administration uses the RFC assessment at step four to determine if the claimant is able to do their "past relevant work." Id. § 404.1545(a)(5)(i). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." Id. § 404.1560(b)(1).

The Social Security Administration categorizes the "physical exertion requirements" of work in order to determine a claimant's capability of performing a job. The definitions of the five job classifications are as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.
>
> (d) Heavy work. Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

>  (e) Very heavy work. Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, we determine that he or she can also do heavy, medium, light and sedentary work.

Id. § 404.1567(a)–(e).

In this case, after reviewing the evidence in the record and considering Plaintiff's impairments, the ALJ determined that Plaintiff's RFC was for light work, which is the most Plaintiff could do despite his limitations. The VE testified at the administrative hearing that Plaintiff's "past relevant work" as an appointment clerk involved work of a "sedentary" nature. The VE also opined that even if Plaintiff's RFC was for sedentary work, he would not be precluded from working as an appointment clerk. The ALJ accepted the testimony of the VE and, upon reaching step four of the evaluation, the ALJ determined that Plaintiff was not disabled because he could perform the work of an appointment clerk despite his impairments.

### III. LEGAL STANDARD

When reviewing a final decision of the Commissioner of Social Security, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); see 42 U.S.C. § 405(b)(1). An ALJ must consider, evaluate, and refer to specific medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381–82 (3d. Cir.

2003).  Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as his finding of fact.  Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the ALJ unless that evidence is substantial.  Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate," not "a mere scintilla."  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d. Cir. 1999)).

**IV.    DISCUSSION**

    **A.    Objection One: Judge Sitarski Correctly Concluded That The ALJ Did Not Err When Excluding The "Sit-Stand" Option From His RFC Assessment**

Plaintiff argues that evidence of his impairments required the ALJ to include a "sit-stand" option when evaluating his RFC.  (Doc. No. 12 at 1–6.)  He argues that the medical evidence in the record demonstrates that he requires a sit-stand option because "on most days, he could sit from about 30 to 45 minutes at a time; on some days, he stated that he could not sit at all."  (Doc. No. 12 at 4.)  He also asserts that Judge Sitarski and the ALJ erred by failing to give substantial weight to the report of Dr. McAndrews, who opined that Plaintiff requires a sit-stand option. (Id.)

When a claimant offers no medical evidence to suggest the need for a "sit-stand" option, an ALJ may properly exclude a "sit-stand" option from his RFC assessment.  Rutherford v. Barnhart, 399 F.3d 546, 555–56 (3d Cir. 2005).  When conducting an RFC assessment, the ALJ considers all of the evidence and, where appropriate, a lack of evidence.  See Burnett, 220 F.3d at 120.  When rejecting or discounting evidence, the ALJ must indicate the evidence he rejects or discounts and explain why he rejects or discounts that evidence.  See id.

Here, the ALJ examined the evidence in the record, discussed the need for a sit-stand option, and provided reasoning for his ultimate rejection of the option. The ALJ's reasoning is supported by substantial evidence. First, the ALJ noted that with regard to Plaintiff's claim that he needs to "lie on the floor with a pillow between his legs to alleviate pain, there is no evidence that he reported this to any examining or treating source." (R. at 29.) In response to attorney questioning about his side effects from taking Oxycontin, Plaintiff reported serious side effects including short-term memory loss. However, the ALJ found that Plaintiff also did not report these side effects to any examining or treating source, and when the ALJ questioned Plaintiff about the Oxycontin side effects, Plaintiff cited "only wooziness and nausea." (Id.) From these inconsistencies, the ALJ inferred that Plaintiff exaggerated his alleged symptoms and limitations.

Second, the ALJ found that there was no substantial evidence to support Plaintiff's alleged need to lie on the floor. (Id.) In August 2009, Plaintiff's physical examinations "failed to reveal any abnormalities involving gait, strength, or range of motion." (Id.) On January 8, 2010, Plaintiff reported that Oxycontin controls his pain. (R. at 310.) As in August 2009, the January 2010 physical examination also demonstrated that Plaintiff lacked abnormalities. (Id.) Plaintiff also related that he was swimming five days per week and losing weight. (Id.) This activity undermined Plaintiff's claims that his physical activity was limited.

Third, the ALJ discounted the opinion of Dr. McAndrew, Plaintiff's treating physician, because Dr. McAndrew "did not provide significant clinical and laboratory findings to support his opinion that the claimant has a residual functional capacity for significantly less than sedentary exertion." (R. at 30.) The ALJ also noted that Dr. McAndrew's opinion was inconsistent with Plaintiff's own reports on his condition. (Id.) Plaintiff had previously "reported much improvement with no pain in his left ankle and well-controlled pain with

8

medication." (Id.; R. at 286.) Accordingly, the ALJ considered Dr. McAndrew's medical opinion, and properly gave it little weight.

The ALJ provided a well-reasoned analysis supported by substantial evidence, and properly did not include a "sit-stand" option in his RFC assessment. Therefore, Plaintiff's first Objection will not be sustained.

**B.   Objection Two: The ALJ Properly Excluded Anxiety In His Hypothetical Questioning Of The Vocational Expert**

The law requires the hypothetical questioning of a VE by an ALJ to "reflect all of a claimant's impairments that are supported by the record . . . ." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). However, "a vocational hypothetical must specify only those impairments that are supported by the record." Cerrato v. Comm'r of Soc. Sec., 386 F. App'x. 283, 286 (3d Cir. 2010) (citing Chrupcala, 829 F.2d at 1276). Moreover, when an ALJ presents a hypothetical question to a vocational expert, he need not explicitly state every medical finding in the record. Casillas v. Astrue, 671 F. Supp. 2d 635, 656 (E.D. Pa. 2009). Rather, an ALJ need only "adequately convey" those medical limitations. Ramirez v. Barnhart, 372 F.3d 546, 552–55 (3d Cir. 2004).

In this case, after reviewing the evidence presented, the ALJ concluded that Plaintiff's anxiety was "controlled" and Plaintiff suffered no side effects from his anxiety medication. (R. at 25.) The ALJ cited this fact from the January 2010 medical report. (R. at 310.) Moreover, a report from Dr. John N. Grutowski opined that Plaintiff's impairment caused by anxiety was "non-severe." (R. at 250.) Finally, the ALJ noted that Plaintiff has never received treatment from a mental health care professional or had psychiatric hospitalization. (R. at 25.) These reasons provide substantial evidence that the record considered by the ALJ did not establish that

Plaintiff suffered impairments caused by anxiety.  Accordingly, Plaintiff's second Objection will not be sustained.

## V. CONCLUSION

Plaintiff's Objections to the Report and Recommendation filed by Magistrate Judge Sitarski are overruled.  The Report and Recommendation is approved and adopted.  Judgment will be entered in favor of the Commissioner.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL R. ROCHE,

        Plaintiff,

v.

MICHAEL ASTRUE,

        Defendant.

CIVIL ACTION
NO. 11-3845

# ORDER

**AND NOW**, this 12th day of April 2013, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Lynne A. Sitarski (Doc. No. 11), Plaintiff's Objections to the Report and Recommendation (Doc. No. 12), and Defendant's Response to Plaintiff's Objections (Doc. No. 13), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1. Plaintiff's Objections to the Report and Recommendation (Doc. No. 12) are **OVERRULED**.

2. The Report and Recommendation (Doc. No. 11) is **APPROVED AND ADOPTED**.

3. Judgment is entered in favor of Defendant and against Plaintiff.

4. The Clerk of Court shall close this case for statistical purposes.

        BY THE COURT:

        /s/ Joel H. Slomsky
        JOEL H. SLOMSKY, J.